IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CMFG LIFE INSURANCE COMPANY,

        Plaintiff,

v.                                           CIVIL ACTION NO.   3:20-0099

AMY J. NICHOLAS and
ST. MARY'S MEDICAL CENTER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff CMFG Life Insurance Company alleges it issued a life insurance policy on the life of Jeffrey Lawhon to defendant Amy Nicholas in February 2018. ECF No. 1 ¶¶ 3, 8. Lawhon died approximately three months later, resulting in proceeds of $75,329.12 owed to Nicholas. *Id.* ¶¶ 1, 17. CMFG believes Lawhon misrepresented his health on his policy application, so CMFG attempted through Nicholas to obtain Lawhon's medical records from defendant St. Mary's Medical Center. *Id.* ¶¶ 19–22. St. Mary's explained it could not legally release Lawhon's medical records to Nicholas without approval by the executor of Lawhon's estate. ECF No. 1-4. CMFG then filed this suit seeking, in part, the release of Lawhon's medical records from St. Mary's. ECF No. 1 ¶ 34.

St. Mary's now moves to dismiss because the Complaint fails to contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." ECF No. 10; Fed. R. Civ. P. 8(a)(2). Under this standard, the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Dismissal of St. Mary's under Rule 8(a)(2) is appropriate here because CMFG does not actually allege St. Mary's committed any unlawful conduct. St. Mary's refused to disclose Lawhon's medical records because of its legally-mandated privacy obligations, and CMFG does not allege this refusal was unlawful. *See* ECF No. 1-4; ECF No. 1 ¶ 25. Therefore, there is no alleged conduct for which the Court could find St. Mary's liable, and CMFG identified no other justification for maintaining St. Mary's as a defendant. Instead of pursuing the appropriate means for obtaining Lawhon's records, CMFG named St. Mary's as a party to this suit even though the Complaint contains no actual claim against it. *See* ECF No. 1, at 5. St. Mary's inclusion in this suit is therefore untenable under Rule 8(a)(2). Accordingly, the Court **GRANTS** St. Mary's Motion to Dismiss, ECF No. 10, and **DISMISSES** St. Mary's. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    June 16, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE